Power
v.
Van Buren.

POWER *against* VAN BUREN.

WHITING and CLARK *against* THE SAME.

LORILARD *against* THE SAME.

JUDGMENT being in favor of the plaintiff in the first cause, by confession on bond and warrant, on the 24th of *November, 1826, his attorney enclosed a *fi. fa.* in a letter to a deputy sheriff of Columbia, who received it the same day; and on the 4th of December, levied on the defendant's personal property. A *fi. fa.* in the second cause came to the hands of the under sheriff of the same county, January 3d, 1827; and was immediately levied on the defendant's personal property. On the 6th of the same January, a *fi. fa.* in the last cause was received by the under sheriff and levied on the same property.

The *fi. fa.* in the first cause was tested of October term, 1826, and made returnable at May term, 1827; and the letter enclosing it directed the deputy to levy on the personal property, horse and wagon, &c., stock, tanner and currier's tools, &c., and have them receipted. That there need not be any sale till about the first of May. The levy was made accordingly; and the greater part of the property seized was hides in the vats, then undergoing the process of tanning, which could not be broken up and sold without sacrificing most of the labor already bestowed upon them, with the bark used in tanning; and the sale, in truth, could not be made with full advantage till warm weather in the spring. This was the principal reason why the execution was made returnable after an intervening term; and the directions given as to the time of sale. After the subsequent executions were levied, however, the attorney for the plaintiff, Power, wrote to the deputy to hasten the sale, which took place sooner than was originally contemplated.

On a motion now for a rule upon the sheriff of Columbia to apply the proceeds of the sale upon the junior exe-

*Where a fi. fa. was levied in the autumn,* [*561] *on hides, which were in the vats undergoing the process of tanning; and could not, therefore, be sold till spring, without great sacrifice; and the plaintiff, therefore, directed the officer to delay a sale till spring; held, that this did not render the fi. fa. dormant or fraudulent as to subsequent executions.*

ALBANY,
Oct. 1827.

Rower.
v.
Van Buren.

cutions according to their priority, no actual fraud appeared to have been intended by the delay. But one question was, whether the first *fi. fa.* was not a dormant one, by reason of the directed delay; so as to give preference to the junior executions.

*A. Vanderpoel*, for the motion, cited 17 John. 274; 11 Id. 110.

*E. Williams*, contra.

[*562]     *Curia.* No actual fraud is pretended; and a reason is given for the delay, which we cannot but approve. It was to prevent the sale of the defendant's property at a great sacrifice, which could be avoided only by postponing the sale till spring. We think an execution cannot be considered dormant, because it thus seeks to make the most of the property taken; though some little delay be the consequence.

Motion denied.[1]

[1] The plaintiff having a prior judgment, issued a *fi. fa.* thereon in January, with instruction to the sheriff, "to make a levy on the property of the debtor, but to do nothing until ordered, unless crowded by younger executions, but by no means to let the execution lose its preference." The sheriff did nothing, except merely to receive an inventory of the personal property of the debtor, until another execution was delivered to him, in May following, at the suit of a subsequent creditor; held, that the first execution was dormant, and constructively fraudulent, as against the subsequent execution. *Kellogg* v. *Griffin*, 17 J. R. 274. See also, *Knower* v. *Barnard*, 5 Hill, 377. *Kimball* v. *Munger*, 2 Hill, 364. *Benjamin* v. *Smith*, 12 Wen. 405. S. C., 4 Wen. 332. *Farrington* v. *Sinclair*, 15 J. R. 428. *Farrington* v. *Caswell*, 15 J. R. 430. *Dickenson* v. *Cook*, 17 J. R. 332.

Where the property levied upon consists of ponderous articles, not easily removed, and the creditor allows them to remain in the possession of the debtor, this is not *per se* evidence that the execution and levy were fraudulent, so as to render the property liable to be levied on under a junior execution against the same debtor; but, if the first execution creditor permits the debtor to consume the property, (as firewood or provisions,) this is, constructively, if not actually fraudulent, as against a subsequent execution or attachment; and to prove the fraud, the credit or in the junior execution may produce evidence of a permission given by the first creditor to the debtor, to use other property levied on at the same time. *Farrington* v. *Sinclair*, 15 J. R. 428. *Farrington* v. *Caswell*, 15 J. R. 430.

So, if a party purchasing goods on a sale under an execution issued by him, suffers them to remain in the possession of the debtor, it is *prima facie* evidence of fraud, as against a subsequent execution. Ib.

If a creditor cause the goods of his debtor to be seized under a *fieri facias*, and suffer them afterward to remain in the possession of the debtor, the execution will be deemed fraudulent and void, as against a subsequent execution. *Storm* v. *Woods*, 11 J. R. 110. *Farrington* v. *Sinclair*, 15 J. R. 429. (N. Y. Dig. pp. 1097, 1098.)